UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BERNARD PINKERTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-474-RLM-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Bernard Pinkerton, a prisoner without a lawyer, filed a complaint against three defendants. ECF 2. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Pinkerton alleges that, on April 22, 2020, at about 4:00 or 4:30 p.m., a riot broke out in 7 Dorm in the General Services Complex at Westville Correctional Facility. ECF 2 at 5. The Emergency Response Unit was deployed, and all of the inmates in 7 Dorm were ordered to lie face down in their bunks. *Id*. Mr. Pinkerton claims that, while the inmates were being ordered to get into their bunks, the Warden was outside hanging on the window brackets of the east and west side of 7 Dorm yelling: "All you m*****-f****** are

going to pay." *Id*. He asserts that, at that point, the threats and retaliation began against the inmates. *Id*.

Mr. Pinkerton says he was zip-tied and taken to the maximum security housing unit and placed in D-Pod cell 103. ECF 2 at 5. He asserts that his placement in D-Pod cell 103 subjected him to the Covid-19 virus and the inmates who were being treated for Covid-19. *Id*. Mr. Pinkerton says he wasn't given any hygiene products, including toilet paper for five days, and he didn't have any clean clothes for 14 days until it was determined that he was not involved in the riot. *Id*. He further represents that he wasn't given any personal protective equipment to protect him from the Covid-19 virus, he didn't have a working toilet, and he wasn't seen by the medical staff. *Id*. Mr. Pinkerton claims he was denied his religious materials, including his Quran and prayer rug, and he wasn't served his Ramadan meals at appropriate times, which caused his fasting times to be thrown off. *Id*. According to Mr. Pinkerton, being placed in the maximum security housing unit caused him to suffer from nightmares and impacted his mental and physical health because he was exposed to the people who placed him in that unit. *Id*. at 6.

Mr. Pinkerton has sued Warden John Galipeau, Assistant Warden Kenneth Watts, and Director of Operations Bill Gann, asserting they violated his Eighth Amendment rights because he was subjected to cruel and unusual punishment after he was placed in the maximum security housing unit on April 22, 2020. A lawsuit against a person under § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Although Mr. Pinkerton alleges that Warden Galipeau, Assistant Warden Watts, and Director of

2

Operations Gann violated his constitutional rights because they authorized his placement in the maximum security housing unit, they can't be held liable simply because they oversee the operation of the prison or supervise correctional officers. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). He hasn't alleged any facts to indicate that Warden Galipeau, Assistant Warden Watts, or Director of Operations Gann endorsed or condoned unconstitutional conduct by prison staff. Mr. Pinkerton can't proceed against these defendants

While Mr. Pinkerton's complaint doesn't state a claim upon which relief can be granted, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In any amended complaint, Mr. Pinkerton should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Bernard Pinkerton;

(2) GRANTS Bernard Pinkerton until **May 24, 2021,** to file an amended complaint on that form; and

4

(3) CAUTIONS Bernard Pinkerton that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on April 26, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT